**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CRIMINAL ACTION** |
| v. | ) | |
| | ) | **No. 03-20070-01-KHV** |
| CHRISTOPHER N. QUEEN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**<u>ORDER</u>**

On May 29, 2003, a grand jury indicted defendant for distribution of pseudoephedrine while having reasonable cause to believe that the chemical would be used to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(2).  On June 13, 2003, the government dismissed the charges and the case was closed.  On August 20, 2008, the Court overruled defendant's motion for removal of state criminal actions under 28 U.S.C. §§ 1331 and 1441.  <u>See Order</u> (Doc. #46).  On October 8, 2008, the Court overruled defendant's motion to reconsider.  <u>See Order</u> (Doc. #48).  This matter is before the Court on defendant's <u>Motion For Order Directed to Kansas And Its Courts Granting In Forma Pauperis Status Toward Current Cases And Further Appeal</u> (Doc. #50) filed November 24, 2008.  For reasons stated below, the Court overrules defendant's motion.

As noted above, the present action is a criminal proceeding which the Court dismissed in June of 2003.  Defendant alleges errors by Kansas judges in the handling of several state criminal cases in 2002 and 2003.  Most notably, defendant alleges that Kansas courts miscalculated his state

sentence and ignored federal law.[1]  Defendant asks the federal courts in Kansas and Missouri to exercise "their responsibilities toward supervisory powers over state courts" (see letter from defendant to federal judges, attached to Doc. #50), but this Court has authority to review state judicial decisions in extremely limited circumstances.  As the Court explained in a prior order, federal courts generally lack jurisdiction to void state court judgments.  See Bolden v. City of Topeka, 441 F.3d 1129, 1139 (10th Cir. 2006) (citing Rooker v. Fid. Trust Co., 263 U.S. 413, 416 (1923)) (no federal court other than Supreme Court can entertain proceeding to reverse or modify judgment of state court).  Elaborating on Rooker, the Tenth Circuit has clearly explained that "voiding a state court judgment [is] the exclusive province of the Supreme Court in the exercise of its appellate jurisdiction.  For a district court to void a state court judgment would be a usurpation of the authority of the Supreme Court."  Id.  To the extent defendant's state criminal cases are "final,"  Rooker precludes the Court from voiding the judgments in those cases.  See Stouffer v. Mullin, 128 Fed. Appx. 712, 714 (10th Cir. 2005).

As best the Court can ascertain, defendant seeks leave to appeal his state court convictions *in forma pauperis*, directly to the Tenth Circuit Court of Appeals.  To proceed *in forma pauperis*, petitioner must demonstrate "a financial inability to pay the required fees, and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."  McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997).  No statutory authority supports a direct appeal of state criminal convictions to the Tenth Circuit Court of Appeals.  To the extent defendant seeks to appeal this Court's ruling related to the removal of his state criminal cases,

---

[1]     Recently, defendant filed an appeal to the Kansas Court of Appeals from the denial of his petition for a writ of coram nobis in Johnson County Case No. 02-CR-440.  See Kansas Court Of Appeals No. 08-1000223-A.

he has not shown a reasoned, nonfrivolous argument on appeal.[2]

**IT IS THEREFORE ORDERED** that defendant's Motion For Order Directed to Kansas And Its Courts Granting In Forma Pauperis Status Toward Current Cases And Further Appeal (Doc. #50) filed November 24, 2008 be and hereby is **OVERRULED**.

Dated this 2nd day of December, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

_____

[2]     This Court held that removal of defendant's state criminal cases was improper because (1) defendant's notice did not comply with 28 U.S.C. § 1446(a); (2) defendant's notice was improperly filed in a federal criminal action which closed some five years ago; (3) defendant had not demonstrated that the statute which allows removal of state criminal prosecutions, 28 U.S.C. § 1443, applied in his case; and (4) defendant's notice of removal was untimely. See Order (Doc. #46) at 1-2.